**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUSAN MEGAWATI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-70511

Agency No. A099-724-240

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Susan Megawati, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal of an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Megawati does not challenge the BIA's dispositive determination that she failed to contest the IJ's finding that her asylum claim was time barred. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to specifically and distinctly argue an issue results in waiver). Accordingly, Megawati's asylum claim fails.

Substantial evidence supports the BIA's conclusion that Megawati failed to establish her experiences in Indonesia rose to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (concluding that the petitioner's account of being beaten, robbed of sandals and pocket money, and accosted by a mob did not compel a finding of past persecution). Substantial evidence also supports the BIA's conclusion that, even under a disfavored group analysis, Megawati failed to demonstrate sufficient individualized risk of persecution to establish eligibility for withholding of removal. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need

to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant").  Contrary to Megawati's contention, the BIA did not find the disfavored group analysis inapplicable to withholding of removal cases.  Accordingly, Megawati's withholding of removal claim fails.

We lack jurisdiction to review Megawati's CAT contention and her contention that the IJ did not consider country conditions evidence, because Megawati failed to raise these issues to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Finally, we reject Megawati's contentions that the IJ's conduct and denial of a continuance violated her due process rights.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**